COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


THE HAIR CUTTERY AND
 ZURICH INSURANCE COMPANY
                                        MEMORANDUM OPINION[*]
v.   Record No. 1560-98-4                  PER CURIAM
                                        NOVEMBER 24, 1998
WENDY V. SHANHOLTZ


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Edward H. Grove, III; Brault, Palmer,
                Grove, Zimmerman, White & Mims, on brief),
                for appellants.

                (George W. Johnston, III; Kuykendall,
                Johnston, McKee & Butler, on brief), for
                appellee.


        The Hair Cuttery and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

("commission") erred in finding that (1) Wendy Shanholtz

("claimant") proved that her disability beginning on November 10,

1997 was causally related to her July 28, 1996 compensable injury

by accident; and (2) employer was responsible for the cost of

medical treatment rendered to claimant by Dr. Joseph Liberman.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.


------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

The commission held that "Dr. Liberman's medical records, when considered in their full context, clearly establish his opinion that the claimant's headaches are caused by the work accident." In so ruling, the commission found as follows:

> [C]laimant did not suffer significant headaches prior to her work accident. Since that accident, she has suffered migraine headaches which have become progressively more severe.
>
> The emergency room physician clearly related her headaches to the industrial accident. He stated that her headache "was most consistent with post concussive syndrome." Dr. Liberman, the treating neurologist, has expressed a similar opinion. Dr. Liberman took an accurate history, and diagnosed post-traumatic migraine headaches. The juxtaposition of that diagnosis to the accurate history makes clear Dr. Liberman's opinion that the headaches are causally related to the accident. When Dr. Liberman commented that "head injuries can precipitate migraine headaches," Dr. Liberman was not merely speculating that the accident might have caused the claimant's headaches, as the employer would argue. Instead, we find that Dr. Liberman was justifying his opinion of causation, by confirming that head injuries are a potential cause of migraine headaches.

The medical records and opinions of the emergency room physician and Dr. Liberman provide credible evidence to support the commission's findings. Based upon that evidence, the commission could reasonably infer that claimant's headaches were causally related to her compensable injury by accident. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Furthermore, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

### Dr. Liberman's Medical Treatment

As fact finder, the commission was entitled to accept claimant's testimony that employer did not cooperate in providing her with appropriate medical treatment. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Moreover, where as here, the employer disputed the compensability of the claim, claimant was free to seek medical treatment of her own choosing. See Bassett Burkeville Veneer v. Slaughter, 21 Va. App. 575, 578-79, 466 S.E.2d 127, 129 (1996).

Based upon this record, the commission did not err in ruling that Dr. Liberman was an authorized treating physician, and, therefore, employer was responsible for the cost of Dr. Liberman's treatment.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.